# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DAVID CZAPIEWSKI,**
            **Plaintiff,**

      **v.**                                    **Case No. 16-C-1709**

**JILL PINGEL,**
**RICHARD ZIMKIEWICZ,**
**BRIAN BANTLEON, and**
**JOHN DOE,**
            **Defendants.**

---

## <u>ORDER</u>

Plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. This matter is before me on plaintiff's motion to proceed without prepayment of the filing fee (Docket #2) and for screening of his complaint (Docket #1).

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 4, 2017, I ordered plaintiff to pay an initial partial filing fee of $2.94. Plaintiff paid that fee on January 23, 2017. As such, I will grant plaintiff's motion to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee over time as set forth at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Allegations in the Complaint*

Plaintiff alleges that he is mentally ill. He has been told by psychiatric and psychological staff to immediately inform prison staff when he is having thoughts of harming himself or others. When he did so in the past, prison staff temporarily placed him in "observation status" (a non-punitive status) until psychological services could evaluate him.

On November 13, 2015, plaintiff informed his unit's psychiatric care technicians that he was having thoughts of harming himself and staff and wanted to be put on observation status. Defendant Jill Pingel wrote plaintiff a conduct report for making threats and told him to "lock in his room." Plaintiff complied. Defendant Brian Bantleon approved the conduct report. Later that day, defendant Richard Zimkiewicz placed plaintiff in temporary lock-up status in the restricted housing unit pending determination on the conduct report. Plaintiff lost his prison job as a result of being placed in temporary lock-up.

Plaintiff states that no one placed him on observation status despite his cries for help. He also contends that Zimkiewicz never contacted Psyche Services or "John Doe" (the significance and/or position of John Doe is unclear) to inform them of plaintiff's statements. Later that night, plaintiff harmed himself by jumping off his sink head first onto the concrete floor. He lost consciousness for several minutes.

Plaintiff was ultimately found not guilty on the conduct report.

*Analysis*

To state an Eighth Amendment claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an

official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). Plaintiff has sufficiently alleged that defendants Pingel, Zimkiewicz, and Bantleon were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to obtain help for him despite his statements that he was having urges to harm himself and others.

To state a retaliation claim under the First amendment, a plaintiff must allege that he engaged in a protected activity, that he suffered a deprivation likely to prevent future protected activities, and that there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, plaintiff alleges that he expressed a need for medical/psychological care and that, a result of expressing that need, he received a conduct report and was placed in the restricted housing unit. These allegations are sufficient for plaintiff to proceed on a retaliation claim against Pingel, Zimkiewicz, and Bantleon.

I will, however, dismiss John Doe as a defendant. Plaintiff's allegations against this defendant are too speculative and vague to state a claim.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**.

**IT IS ALSO ORDERED** that the warden of the institution where plaintiff is confined, or his designee, shall collect from plaintiff's prisoner trust account the $347.60 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Jill Pingel, Richard Zimkiewicz, and Brian Bantleon.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Pingel, Zimkiewicz, and Bantleon shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that defendant John Doe is **DISMISSED**.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2017.

BY THE COURT:

s/ Lynn Adelman

_____
Lynn Adelman
District Judge